IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | |
|---|---|
| v. | Criminal No. 26-15 |
| DRAKE MARCUS BOWER | |

FILED
FEB 0 3 2026
CLERK U.S. DISTRICT COURT
WEST DIST OF PENNSYLVANIA

**INDICTMENT MEMORANDUM**

AND NOW comes the United States of America, by its attorneys, Troy Rivetti, United States Attorney for the Western District of Pennsylvania, and Nicole Vasquez Schmitt, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

## I. THE INDICTMENT

A federal grand jury returned a one-count indictment against the above-named defendant for an alleged violation of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Cyberstalking<br>December 2025 | 18 U.S.C. § 2261A(2)(B) |

## II. ELEMENTS OF THE OFFENSE

A. As to Count 1:

In order for the crime of Cyberstalking, in violation of 18 U.S.C. § 2261A(2)(B), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant, with the intent to injure, harass, intimidate, or place under surveillance with intent to injure, harass, or intimidate another person,

2. Used the mail, any interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce to engage in a course of conduct that:

   a. Caused, attempted to cause, or would be reasonably expected to cause substantial emotional distress to that person.

## III. PENALTIES

A. As to Count 1: Cyberstalking (18 U.S.C. § 2261A(2)(B)):

1. A term of imprisonment of not more than five (5) years. If the stalking occurred in violation of a temporary or permanent civil or criminal injunction, restraining order, no-contact order, or other order described in Section 2266 of Title 18, United States Code, the term of imprisonment is not less than one (1) year.

2. A fine of not more than $250,000.

3. A term of supervised release of not more than three (3) years.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. **RESTITUTION**

Restitution may be required in this case as to Count One, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 2264, 3663, 3663A, and 3664.

## VI. **FORFEITURE**

Not applicable in this case.

Respectfully submitted,

TROY RIVETTI
United States Attorney


*s/Nicole Vasquez Schmitt*
NICOLE VASQUEZ SCHMITT
Assistant U.S. Attorney
PA ID No. 320316
